United States District Court

For The

Central District of Illinois Urbana Division

FILED

JAN 3 0 2024

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

David Scheurich
　　　Plaintiff / Petitioner

V.S.

Civil Rights Complaint
Pursuant to USC § 1983 State Prisoner

Case #

Ford County – municipal

Ford County Sheriff's Office – municipal

Mark Doran Ford County Sheriff – individual and offical capacities

Chad Johnson Ford County Sheriff – individual and offical capacities

Stacy Bruens Ford County Jail Administrator – individual and offical capacities

David McGuiness Ford County Deputy – individual and offical capacities

Patrick Duffy Ford County PREA Investigator – individual and official capacities

Barbara King Ford County FOIA officer, Chief Confidental Administrator – individual and offical capacities

Justin Rzechula Ford County Deputy – individual and official capacities

Curtis Miller Ford County Officer – individual and offical capacities

Kasi Schwarz Notary Public State of Illinois – individual and offical capacities

Gibson Area Hospital – municipal

Muhammad Chaudry Gibson Area Hospital Physician – individual and offical capacities

Gibson Area Hospital Emergency Department Nurse – individual and offical capacities

Gibson Area Hospital Security Officer – individual and offical capacities

Gibson City Police Department – municipal

Adam Rosendahl Gibson City Chief of Police – individual and offical capacities

Roy Acree Gibson City Police Department Captain – individual and offical capacities

Lisa Helgesen Gibson City Police Department FOIA officer – individual and offical capacities

Hunter Johnson Gibson City Police Officer – individual and offical capacities

Defendants / Respondents

David Scheurich    Plaintiff    M53661

Robinson Correctional Center

134.23 E 1150th Ave.

Robinson, IL 62454

## Jurisdiction

Plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983. This court has jurisdiction under 28 U.S.C. §1331, 1343 and has supplement jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks a declaratory judgement pursuant to 28 U.S.C. §2201.

## Venue

The Central District of Illinois Urbana Division is an appropriate venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

II Previous Lawsuits

A. Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail, e.g. civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law ☒ yes ☐ no

B. You must list all lawsuits in any jurisdiction, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915 (g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915 (e)(2); Federal Rule of Civil Procedure 12(b)(6))

1) David Scheurich                    Filed August 5th 2016
        v.
Dan Walsh                             Case #16-2253
        Appealed dismissed September 21st  Closed 2018

2) David Scheurich                    Filed July 14th 2017
        v.
Alan Roberson, et al.                 Case #17-2163
        Appealed dismissed January 5th  Closed 2021
             (See exhibit USDCCDOIV I + Ia)

3) United States Court of Appeals
        (see exhibit #21-1)

4) United States Court of Appeals
        (see exhibit #69)

21,25,CLOSED,PROSE,REFER

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CIVIL DOCKET FOR CASE #: 2:17-cv-02163-CSB-EIL

Scheurich v. Roberson et al
Assigned to: Judge Colin Stirling Bruce
Referred to: Magistrate Judge Eric I. Long
Case in other court: USCA, 17-02719
                 USCA, 20-02357
Cause: 18:241 Conspiracy Against Citizen Rights

Date Filed: 07/14/2017,
Date Terminated: 06/22/2020
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**David E Scheurich**

            represented by    **David E Scheurich**
141 Lake Road
Seymour, IL 61875
217-552-6279
PRO SE

V.

**Defendant**

**Alan Roberson**
*Former Cleborne County Sheriff, Little Rock, AR*

**Defendant**

**Dan Walsh**
*Champaign County Sheriff*
*TERMINATED: 01/03/2019*

**Defendant**

**Terry Foster**
*Representing Officer in Topeka, KS*

**Defendant**

**Sandra Crisp**
*Representing Officer, Topeka, KS*

<u>**Defendant**</u>

**Bennie Vick**
*Williamson County Sheriff, Marion, IL*
*TERMINATED: 06/27/2019*

represented by **Bhairav Radia**
OKGC Law, LLC
Fourth Floor
Suite 475
650 Dundee Road
Northbrook, IL 60062
847-291-0200
Fax: 847-291-9230
Email: bradia@okgc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Terry Corbett**
JACKSON LEWIS PC
Fourth Floor
Suite 2500
150 North Michigan Avenue
Chicago, IL 60601
312-787-4949
Fax: 312-787-4995
Email: daniel.corbett@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Dustin D Heuerman**
*Champaign County Sheriff*

represented by **Keith Eric Fruehling**
HEYL ROYSTER VOELKER & ALLEN
Suite 505
301 North Neil Street
PO Box 1190
Champaign, IL 61820
217-344-0060
Fax: 344-9295
Email: kfruehling@heylroyster.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

2:24-cv-02027-CSB    # 1    Filed: 01/30/24    Page 6 of 51
2:17-cv-02163-CSB-EIL    # 21-1    Filed: 04/30/18    Page 1 of 1
Case: 17-2719    Document: 00713207936    Filed: 04/30/2018    Pages: 1

E-FILED
Wednesday, 20 June, 2018  02:44:06 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

April 6, 2018

*Before*

**Frank H. Easterbrook,** *Circuit Judge*

**Daniel A. Manion,** *Circuit Judge*

**Diane S. Sykes,** *Circuit Judge*

| | |
|---|---|
| DAVID SCHEURICH,<br>    Plaintiff-Appellant,<br><br>No. 17-2719        v.<br><br>ALAN ROBERSON, et al.,<br>    Defendants-Appellees. | ] Appeal from the United<br>] States District Court for<br>] the Central District of<br>] Illinois.<br>]<br>] No. 2:17-cv-02163-CSB-EIL<br>]<br>] Colin S. Bruce,<br>]     Judge. |

## O R D E R

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

Plaintiff David Scheurich's case is not at an end in the district court.  As such, the district court's August 14, 2017 order, which denied a motion to change venue, is not reviewable at this time.  Plaintiff Scheurich must wait until the district court issues a final order in his case to appeal that order.



CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the

2:24-cv-02027-CSB     # 1     Filed: 01/30/24     Page 7 of 51
2:17-cv-02163-CSB-EIL   # 69   Filed: 01/05/21   Page 3 of 3
Case: 20-2357     Document: 00713742678     Filed: 01/05/2021     Pages: 1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

December 14, 2020



CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

*Before:*

**Ilana Diamond Rovner,** *Circuit Judge*
**Michael Y. Scudder,** *Circuit Judge*
**Amy J. St. Eve,** *Circuit Judge*

| | |
|---|---|
| DAVID SCHEURICH, | ] Appeal from the United |
| Plaintiff-Appellant, | ] States District Court for |
| | ] the Central District of |
| No. 20-2357      v. | ] Illinois. |
| | ] |
| ALAN ROBERSON, Former cleborne | ] No. 2:17-cv-02163-CSB-EIL |
| County Sheriff, Little Rock, | ] |
| et al., | ] Colin S. Bruce, |
| Defendants-Appellees. | ]      Judge. |

### O R D E R

On July 27, 2020, the court issued an order requiring appellant to file, on or before August 10, 2020, a jurisdictional memorandum.   Appellant failed to do so.   He also failed to respond to the court's show cause order of September 3, 2020.   Appellees, however, filed memoranda addressing this court's jurisdiction.   On consideration of those responses and review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case judgment was entered on June 22, 2020, and the notice of appeal was filed on July 23, 2020, one day late. The district court has not granted an extension of the appeal period, *see* Rule 4(a)(5), and this court is not empowered to do so, *see* Fed. R. App. P. 26(b).



III. Grievance Procedure

1.) Was there a prisoner grievance procedure in the institution?
yes, the Ford County Sheriff's Office provided request/complaint forms.

2.) Did you present the facts relating to your complaint in the prisoner grievance procedure? yes

3.) What steps did you take?

A.) I Wrote Letters to:
Office of Inspector General 5-11-22 (SY2, SY3)
Ford County Circuit Clerk 5-18-22 (CCR1)
Governor Pritzker 5-13-22
Ford County Sheriff Mark Doran 5-24-22 (PRO1)

B.) What was the result?
Ford County Sheriff Mark Doran wrote me a letter threatening me to stop writing letters or I would suffer very serious consequences. (MRS1)

4.) Was there a prisoner grievance procedure in the institution?
Yes, Jacksonville Correctional Center had Offender's Grievance forms to file.

5.) Did you present the facts relating to your complaint in the grievance procedure. yes

6.) What steps did you take?
A.) I filed a Illinois Department of Corrections Offender's Grievance form on 5-18-23 and mailed the grievance to IDOC Agency the PREA coordinator Debbie Knauwn

B.) The allegations were forwarded to Ford County Sheriff's Office (See PREA Ford County 1)

7.) Was there a prisoner grievance procedure in the institution?
Yes, Robinson Correctional Center has grievance procedure

8.) Did you present the facts relating to your complaint in the prisoner grievance procedure. Yes

9.) What steps did you take?

A.) I reported PREA issues to Robinson Correctional Center Internal Affairs

B.) A report was made to PREA

10.) See exhibit PREA Ford County I

A.) Reported 2nd PREA issue to I.A. Officer of R.C.C. Kenneth Griffin on 1-16-24 have not received any information or response as of 1-28-24.

IV.                    Statement Of Claim

On 2-3-22 I was stopped for driving with a headlight out. I was driving on a revoked license. During the arrest the officer's found a bag of pills in my vehicle. I told the officer's the pills were aspirin. The officer's said the pills tested positive for methamphetamine. (FCSDIR 2322) The officer's took me to the hospital and had unnecessary medical procedures preformed on me, the officer's holding me down using force, committing sexual abuse. (GoAtt.242242) The officer's said they could use force because the methamphetamine pills gave them probable cause. Officer's can use force if they obtain a warrent from a judge (FBDPC I-5) On 5-8-22 I was incarcerated in Ford County Jail and reported a PREA complaint. Deputy David McGinness was violating the Ford County Jails policy for clothes exchange committing sexual abuse. On 5-17-22 I again reported the PREA violation to the PREA investigator officer Patrick Duffy (PREA Ford County I)(PREAR 51722) however officer Patrick Duffy gave me the plaintiff (David Scheurich) a disorderly conduct labeling the PREA violation incorrectly (FCSDIR 51722) When the PREA violations were filed on 5-30-23 with the PREA Coordinator Debbie Knawa, again officer Patrick Duffy miss labeled the violations again (FCSDIR 6823) On 11-14-23 the plaintiff (David Scheurich) received extensive validation of sexual assault, the officer's had acted without a warrant (MRS2)(SY3) On 12-27-23 the plaintiff again received futher validation of perjury of the officers by

receiving the Illinois State Police Laboratory Report Results, from the items seized during the arrest on 2-3-22. The results are negative for methamphetamines. (ISPDFSMFSL Ia-Ib) The actions of all the officers and people involved in the fore mentioned events, proves and shows numerous violations upon the plaintiff of his Constitutional and Civil Rights by the defendants.

## V.    REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

The plaintiff was injured and suffered physically and mentaly by the defendants unlawfulness and inhumane conduct. The plaintiff will seek a prayer for relief through, compensatory, nominal and punitive damages At this moment in time, the plaintiff can not right now comprehend a value that would be equal to the damages that have been done.

## VI.    JURY DEMAND (*check one box below*)

The plaintiff ☐ does  ☑ does not request a trial by jury.


### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.


Signed on: _____1-28-24_____
(date)

_13423 E 1150th Ave_
Street Address

_Robinson, IL 62454_
City, State, Zip


_David Scheurich_
Signature of Plaintiff

_David Scheurich_
Printed Name

_M53661_
Prisoner Register Number


_____
Signature of Attorney (if any)

FCSDIR2322



FORD COUNTY
ILLINOIS

1859 ★

SHERIFF'S
OFFICE

## Ford County Sheriffs Departmnt

# INCIDENT REPORT

### Case:
### Incident:    202200000301

---

**INCIDENT DATES/TIMES:**

| | | |
|---|---|---|
| **Reported Date/Time:** | 02/03/2022 | 20:56:05 |
| **Earliest Date/Time:** | 02/03/2022 | 20:56:00 |
| **Latest Date/Time:** | 02/04/2022 | 1:37:00 |

**LEADS #:**
**Activity:**    Traffic Stop

---

**INCIDENT LOCATION:**

Gibson City        IL    60936        IL - Ford County

---

**OFFENSES:**

| UCR Code | Statute # | Statute - Description |
|---|---|---|
| U | 720-646/60(a) | POSSESSION OF METH/15<100GRAMS |
| U | 720-5/31-4(a)(1) | OBSTRUCT JUST/DESTROY EVIDENCE |
| U | 720-5/31-4.5(a) | OBSTRUCTING IDENTIFICATION |
| U | 625-5/6-303(a) | DRIVING ON REVOKED LICENSE |
| U | 625-5/11-502.15(a) | Possession Adult Use Cannabis In Passenger Area of Motor Vehicle - Driver |
| U | 625-5/12-201(b) | HEAD/TAIL/SIDELIGHT/1ST,2ND |

---

**COMPLAINANT:**

| | | |
|---|---|---|
| **Name:** | **DOB:** | **Tel #1:** |
| **Address:** | **Race:** | **Tel #2:** |
| **City/State/ZIP:** | **Sex:** | |
| | **Adult/Juv:** | |

---

**PROPERTY VEHICLE:**

| Plate # | State | Type | VIN | Yr | Make | Model | Color | Value |
|---|---|---|---|---|---|---|---|---|
| 2859637B | IL | TK | 2GCEC19T521256402 | 2002 | Chevrolet | | Red | |

**SYNOPSIS:**

---

**OFFICERS ASSIGNED:**

| | | |
|---|---|---|
| S7 | 00009163 | Justin Rzechula |

---

GAH 242242

# GIBSON AREA HOSPITAL
### 1120 N MELVIN ST, GIBSON CITY, IL 609361477 - 217-784-4251

**Patient Name:** DAVID SCHEURICH                    **DOB:** 02/24/1975
**MRN:** 4027080                                     **Account #:** 3368372
**Note Type:** Physician Emergency Department Note

---

**Review of Systems:**
Unable to get at this time
**ADULT VS THIS VISIT: No Vital Signs Available**

**Physical Exam:**
Constitutional; agitated, combative, not oriented neither reasonably responsive to any stimuli or questions. Trying to get out of the restraints in handcuffs. Dry skin moving all over the bed. No obvious track marks nor any bruising is noted on his skin. All extremities are moving normally. I did not notice any white-pink froth on him. White dry mucous on the lips probably because of the excessive activity and bruxism is noted. Patient with the help of security and police, underwent blood draw and an IV line is established. Fluid is started. Foley catheter is inserted by the nurse and clear urine is obtained. Medications were ordered to calm him.

| Lab Results: This Visit | | | | | | |
|---|---|---|---|---|---|---|
| **Test** | **Results** | **Units** | **Reference Range** | **Ordered** | **Collected** | **Status** |
| **COVID (RAPID)** | NEGATIVE | | **NORMAL: NEGATIVE** | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| **CULTURE URINE** | | | | 02/03/2022 23:08 | 02/03/2022 23:15 | registered |
| **DRUG SCREEN CLINICAL RAPID** | | | | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Color | LT. YELLOW | | Yellow | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Clarity | CLEAR | | Clear | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Sp Gravity | >=1.030 H | | 1.005 - 1.030 | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| pH | 5.5 | | 5.0 - 8.0 | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Glucose | NEGATIVE | | Negative mg/dl | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Protein | NEGATIVE | | Negative mg/dl | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Bilirubin | NEGATIVE | | Negative | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Urobilinogen | 0.2 | | 0.2 - 1.0 EU/dl | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Blood | NEGATIVE | | Negative | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Ketones | NEGATIVE | | Negative mg/dl | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Nitrite | NEGATIVE | | Negative | 02/03/2022 23:08 | 02/03/2022 23:15 | final |
| Leuk Esterase | NEGATIVE | | Negative | 02/03/2022 23:08 | 02/03/2022 23:15 | final |



NEWS

# Can a warrant be used for a forced urine test?

A court challenge in Hughes County has brought to light a practice in South Dakota that some call troubling: <u>Law enforcement officers can get a warrant to force a urine test with a catheter if they suspect that someone is using drugs.</u>

Attorney General Marty Jackley says the practice is legal and acceptable as long as a judge issues a warrant. Representatives with the American Civil Liberties Union of South Dakota are among those who see the practice as too intrusive to pass constitutional muster in routine drug cases.

Given that a positive urine test alone can carry a felony charge and possible prison time in South Dakota – which is not the case in most states – forced urine testing has particularly serious consequences.

<u>Exclusive: Police use catheters, force to collect urine samples</u>

The issue of intrusive testing and warrants has been in the news quite a bit over the past few years, but the law in question is different.

The U.S. Supreme Court established clear rules on blood testing for driving under the influence charges. In 2013's Missouri vs. McNeely decision, the justices shot down certain provisions of "implied consent" laws, which require a person to submit to a warrantless blood test if they're suspected of DUI.



# What is a Forced Blood Draw for DUI in Illinois?

As Americans, we hold the basic constitutional right to refuse unlawful and unreasonable searches and seizures by the police. This is the reasoning behind why you have the right to refuse a breath test if pulled over for suspicion of driving while intoxicated. Forced DUI blood draws are a controversial practice that's become more common in recent years, where a cop can ignore your refusal to submit to a breathalyzer test and forcibly draw blood. Under current Illinois laws, by operating a motor vehicle, you have given implied consent for such a test.

How do forced blood draws work? When does a police officer resort to this measure? What happens if you refuse and what are the consequences? This guide will serve to give you a clear idea of this practice within the scope of the law.

## The Purpose of a Blood Draw

There are two things prosecution must prove to demonstrate your guilt to a court for driving under the influence of alcohol:

1. That you were operating or in control of a motor vehicle
2. That your blood alcohol concentration was 0.08 or higher while you were driving

A chemical test must be taken to determine your blood alcohol concentration to satisfy the second requirement. This is where a police officer asks for a breathalyzer test after someone fails field sobriety tests. The purpose of a forced blood draw is to record the blood alcohol concentration of someone who does not give consent for a breathalyzer test.

## DUI Blood Draw Procedure

When someone has refused to have a breathalyzer test done, a police officer can apply for a warrant to have blood drawn by force. This warrant is awarded based on circumstantial evidence, such as the odor of alcohol on the breath or slurred speech. Many Illinois police departments have on-call judges who can review these warrants at home 24/7. Many departments have adopted a virtual e-warrant system that allows police to receive near-instant permission to forcibly draw blood right at the curbside. These e-warrants can be granted within minutes.

1

*FBDPC 3*

Once the warrant is granted, the police will drive the suspect to a nearby emergency room and have a nurse draw blood. At this point, even if the suspect has to be restrained to the bed to remove blood, it will be done by law. Hospitals have DUI blood tests that can be administered within minutes and can test for the presence of alcohol and other illicit substances.

Once the blood test returns a positive value for alcohol or any other illicit substance, the officer will collect the results and put it into evidence to establish a chain of custody. With this evidence, all a prosecutor will need to have you charged with a DUI is evidence that you were driving.

# Forced Blood Draws in Illinois

The practice of forcible blood draws from those who won't submit to breathalyzer tests is becoming a popular policy among the various police departments of Illinois. This is to combat the strategy of repeat offenders who use a refusal of consent to circumvent successful prosecution. The law discourages people from refusing breath tests with consequences such as automatic license suspension for a year. Despite this, some people make the tradeoff of losing their license for a year in efforts to evade DUI charges. Authorities have responded to this by making the process for obtaining a warrant for a forced blood draw faster and easier to obtain.

**RELATED:** _____, Best DUI Defense.

# Consequences of Refusing a Breathalyzer Test

Before someone refuses a breathalyzer test, the arresting police officer must inform the driver of the consequences of refusing the test. These consequences are designed to discourage individuals from not giving consent to the police for chemical tests. By refusing a roadside blood alcohol test in Illinois, one faces the suspension of their driving license, ineligibility for a monitoring device driving permit, and the hospital costs of a blood test. The refusal can be used as evidence of guilt in court as well.

By refusing a _____, an offender's driving privileges are automatically revoked for a period of one or three years. If the driver doesn't have a prior DUI or license suspension in the past five years, the suspension lasts for a year. If the driver

2

FBDPC 4

does have a prior DUI or license suspension, the suspension lasts for three years. The offender's license is usually taken away at the moment of arrest and given a 45-day driving permit. After 46 days pass, the license suspension takes effect.

First time DUI offenders can obtain a monitoring device driving permit during their suspension. This allows them to drive a vehicle that has a breath alcohol ignition interlock device installed. To start a car with such a device installed, the driver must blow a 0 blood alcohol concentration. Offenders who refused a breathalyzer test, however, are ineligible for a monitoring device driving permit.

By refusing a breathalyzer test, your arresting officer will draw blood. You are liable for the cost of the blood test, up to $500. You are not liable for this cost if DUI charges are dropped, however. The refusal of a breath test can, and usually will be used by prosecutors in court, as evidence of the defendant's guilt.

# Consequences of Refusing a Blood Draw

If a police officer receives a warrant to draw your blood to test for alcohol or drugs for a DUI, you have no choice but to comply. If you refuse to let a nurse draw your blood in this situation, you will be charged with a felony offense such as obstruction of justice. Obstruction of justice charges can lead to a maximum of 4 years in prison. It's important to know that a warrant comes from a judge and gives the police the full right to draw your blood. The police have the full authority to use force to restrain and hold you down to draw blood with this right.

## Blood Draws without Warrants

There are scenarios where a police officer can lawfully draw blood without a warrant in Illinois. According to the Vehicle Code, if a police officer has probable cause to believe that the suspect caused injury or death to someone else while DUI, then a warrant is not required to forcibly draw blood. This does not apply if the driver was injured, only if someone else was. It also does not apply if there was no probable cause for suspecting DUI.

## Get Help from our DUI Attorneys

3

FBDPC 5

# Forced Blood Draw for DUI in Illinois

While you are protected by the 4th Amendment to the U.S. Constitution against unreasonable and unlawful search, the grey area is increasingly growing where an officer can forcibly draw blood without consent. If you've been charged with DUI and the police have taken a sample of your blood through a warrant, you will need the help of a lawyer familiar with warrants and blood alcohol concentrate procedures dealing with Forced Blood Draw for DUI in Illinois.

At The Law Office of Dennis Dwyer, we have numerous years of experience with countless DUI cases that involve forced blood draws. You can trust us to make every effort to have unconstitutional evidence thrown out of court. If you were subjected to a forced blood draw, give us a call so we can start fighting your case today.

PREAR51722

On May 17, 2022, I was advised that a resident of the jail wanted to make a PREA complaint.

I met with David Scheurich and he advised he wished to report a problem with Corrections Deputy David McGinness. He stated while changing out jail clothing on May 8, 2022 he was uncomfortable because McGinness watched him exchange dirty laundry for fresh and changed into the clothing in front of him. He stated McGinness smiled and licked his lips. I asked if McGinness made any comments to him or approached him in any way and he said no. Scheurich went on to complain that other jails and prisons used the "chuck hole" to exchange clothing. I explained to him Ford County had always exchanged laundry the same way and corrections were required to observe inmates at all times when out of their cells.

Scheurich went on to complain that correction's had taken money from his account without his consent. The money was taken either for postage or court fees and he did not specify how much was taken. He further complained about the quality and amount of food provided in the jail. He also complained that mail was not going out at a regular time and I explained that mail call was performed when staffing levels permitted it. He further stated he wanted to talk to the US Marshall about the way the jail was run. I told him if he complaints about his money, mail and food to address them to the jail administrator.

I feel this complaint is unfounded. The jail administrator was advised of his complaints and told me no changes should be made to existing jail procedure.

REPORING OFFICER  P C DUFFY

FCSDIR51722



# Ford County Sheriffs Departmnt

# INCIDENT REPORT

**Case:**

**Incident:**    202300001694

**1859**

**SHERIFF'S OFFICE**

---

**INCIDENT DATES/TIMES:**

| | |
|---|---|
| **Reported Date/Time:** | 05/17/2022    9:49:07 |
| **Earliest Date/Time:** | |
| **Latest Date/Time:** | |
| **LEADS #:** | |
| **Activity:** | Abuse Complaint |

---

**INCIDENT LOCATION:**

Paxton    IL    60957    IL - Ford County

---

**OFFENSES:**

| UCR Code | Statute # | Statute - Description |
|---|---|---|
| U | 720-5/26-1(a)(1) | DISORDERLY CONDUCT |

---

**COMPLAINANT:**

| | | | | |
|---|---|---|---|---|
| **Name:** | Scheurich, David E | **DOB:** | 2/24/1975 | **Tel #1:** |
| **Address:** | 426  Noland Dr | **Race:** | W | **Tel #2:** |
| **City/State/ZIP:** | Elliott, IL  60933 | **Sex:** | M | |
| | | **Adult/Juv:** | Juvenile | |

---

**PROPERTY VEHICLE:**

| Plate # | State | Type | VIN | | | Yr | Make | Model | Color | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

---

**SYNOPSIS:**

may 17, 2022

---

**OFFICERS ASSIGNED:**

| | | |
|---|---|---|
| S3 | 00009074 | Patrick Duffy |

---

**SUBJECT(S) INVOLVED:**

| | | | |
|---|---|---|---|
| **Name:** | | **DOB:** | **Ethn:** |
| **Address:** | | **Race:** | **Hair:** |
| **City/St:** | | **Sex:** | **Eyes:** |
| **Phone 1:** | | **Age:** | **Skin:** |
| **Phone 2:** | | **Height:** | **Face:** |
| **SSN:** | | **Weight:** | **Dangerous:** |
| **OLN:** | | **ST:** | **Resident:** |

FCSDIR6823



**FORD COUNTY ILLINOIS**

**1859** ★

**SHERIFF'S OFFICE**

**Ford County Sheriffs Departmnt**

# INCIDENT REPORT

**Case:**

**Incident:**     202300001694

| SUBJECT(S) INVOLVED VEHICLES (IF ANY): | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name: | | | | | DOB: | | |
| Plate #: | | State: | Type: | VIN: | | | |
| Yr: | | Make\model: | | | | Color: | |

**PROPERTY:**

| No. | Loss Type | Qty.. | Make/Model/Style | Description | Serial # | Value | Evd. | RecDate | Rec Val |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | |

**APPROVALS:**

| Function | ID | Name | Date | Status |
|---|---|---|---|---|
| Entered | 00009074 | Patrick Duffy | 06/08/2023 | |
| Investigated | 00009074 | Patrick Duffy | 05/17/2022 | |
| Reviewed | | | | |

MR52

Office of
# SHERIFF OF FORD COUNTY
**Chad Johnson, Sheriff**
235 N. American St.
Paxton, Illinois 60957
Telephone: (217) 379-9470
Fax: (217) 379-9489

November 14, 2023

David Scheurich
IDOC #M53661
Robinson Correctional Center
13423 E 1150th Ave.
Robinson, IL 62454

Mr. Scheurich,

Thank you for writing to the Ford County Sheriff's Office with your request for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq.

On November 14, 2023, we received your FOIA requesting copy of citation 035237 and statement of arrest, as well as all other documents pertaining to the citation and arrest including search warrant. Also requesting your complete medical file from 01/01/2022 to 03/01/2023.

We are complying with your FOIA request by providing you with copies of all you requested except copy of search warrant because there was NO search warrant used in this arrest.

Respectfully,

Barbara King

Barbara King, FOIA Officer
Chief Confidential Administrator

PREA

SY3

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreeme**

| Agreement Number: 26-99-0038 | Page 2 of 4 |
|---|---|

## Rape Elimination Act Reporting Information

### SEXUAL ASSAULT AWARENESS

This document is requested to be posted in each Housing Unit Bulletin Board at all Contract Detention Facilities. This document may be used and adapted by Intergovernmental Service Agreement Providers.

While detained by the Department of Justice, United States Marshals Service, you have a right to be safe and free from sexua harassment and sexual assaults.

### Definitions

**A. Detainee-on-Detainee Sexual Abuse/Assault**
One or more detainees engaging in or attempting to engage in a sexual act with another detainee or the use of threats, intimidation, inappropriate touching or other actions and/or communications by one or more detainees aimed at coercing and/or pressuring another detainee to engage in a sexual act.

**B. Staff-on-Detainee Sexual Abuse/Assault**
Staff member engaging in, or attempting to engage in a sexual act with any detainee or the intentional touching of a detainee's genitalia, anus, groin, breast, inner thigh, or buttocks with the intent to abuse, humiliate, harass, degrade, arouse or gratify the sexual desires of any person. Sexual abuse/assault of detainees by staff or other detainees is an inappropriate use of power and is prohibited by DOJ policy and the law.

**C. Staff Sexual Misconduct is:**
Sexual behavior between a staff member and detainee which can include, but is not limited to indecent, profane or abusiv language or gestures and inappropriate visual surveillance of detainees.

### Prohibited Acts

A detainee, who engages in inappropriate sexual behavior with or directs it at others, can be charged with the following Prohibited Acts under the Detainee Disciplinary Policy.

- Using Abusive or Obscene Language
- Sexual Assault
- Making a Sexual Proposal
- Indecent Exposure
- Engaging in Sex Act

### Detention as a Safe Environment

While you are detained, no one has the right to pressure you to engage in sexual acts or engage in unwanted sexual behavior regardless of your age, size, race, or ethnicity. Regardless of your sexual orientation, you have the right to be safe from unwanted sexual advances and acts.

*ISPDFSMFSLIa*



**Illinois State Police**
Division of Forensic Services
Morton Forensic Science Laboratory
1810 S. Main Street
Morton, Illinois 61550-2893
(309) 284-6500 (Voice) * (800) 255-3323 (TDD)

## LABORATORY REPORT
### Drug Chemistry

justin rzechhula
Ford County Sheriff's Office
235 N American St
Paxton, IL 60957

| | |
|---|---|
| DFS Case #: | DFS22-012296 |
| Report #: | 1 |
| Report Date: | 05/25/2022 |

| | |
|---|---|
| Agency Case #: | 202200000301 |
| Offense(s): | Possession of Methamphetamine |
| Offense Category(s): | Methamphetamine Offenses |
| Victim(s): | |
| Suspect(s): | david scheurich |

**Item(s) Submitted:**

| LAB ITEM# | AGENCY ITEM# | DESCRIPTION |
|---|---|---|
| 1 | 1 | 23 pills and parts of pills field tested for meth |
| 2 | 2 | white powder possible meth |

**Results:**

| LAB ITEM# | DESCRIPTION | FINDINGS |
|---|---|---|
| 1-1 | 0.6 gram of one tablet | No scheduled substance found |
| | 13.6 grams of 22 tablets | Not Analyzed |
| 1-2 | 4.0 grams of tablet fragments, similar in appearance to Item 1-1 | Not Analyzed |

*ISPDFSMFSLIb*

DFS22-012296                                                              Report # 1

| 2 | 225.9 grams of powder with crystalline substance from one plastic bag | No scheduled substance found |
|---|---|---|

730 ILCS 5/5-9-1.4(b) states that a criminal laboratory analysis fee of $100 shall be imposed for persons adjudged guilty of an offense in violation of the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act.

Any analysis conducted is accredited under the *ISO/IEC 17025:2017 - Testing Laboratory* accreditation issued by ANSI National Accreditation Board (ANAB). Refer to certificate #FT-0240 and associated Scope of Accreditation. This report contains the conclusions, opinions and/or interpretations of the analyst(s) whose signature(s) appears on the report as authorization of the results. All testing was performed at the location listed in the header of this document, unless otherwise indicated in the Notes Packet. The "Notes Packet" appendix of this report, available in Prelog, contains detailed information on the method(s) used, date(s) of testing, location(s) of testing and environmental conditions associated with this analysis, if applicable. All evidence submitted to the laboratory will be returned upon completion of all service requests, unless otherwise indicated in the body of the report.

I have personally completed this report. Under penalties of perjury, I certify I have examined all of the information provided for this document related to the analysis conducted for this report and, to the best of my knowledge, it is true, correct, and complete.

Respectfully submitted,

*Jennifer a MacRitchie*

Jennifer MacRitchie
Forensic Scientist

PREA Ford County.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
### Return of Grievance or Correspondence

Scheurich _____ Daniel _____ M53661
Last Name _____ First Name _____ MI _____ ID#

Facility: _____ Jacksonville _____

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: 5/18/23 _____ or ☐ Correspondence: Dated: _____

Received: 5/30/23 Regarding: PREA @ FORD County jail
_____ Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

---

**No further recress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
_____ Date

☐ No justification provided for additional consideration.

---

Other (specify): Allecations have been forwarded to Ford County by IDOC Agency PREA Coordinator.

Completed by: Debbie Knauer _____ Debbie Krauer _____ 6/1/23
_____ Print Name _____ Signature _____ Date

writing letters I would suffer very serious consequences. I was already incarcerated in jail and by the way Sheriff Doran states if he was going to make sure I suffered very serious consequences through his means of unlawfulness. I wrote the same letter To: Whom it May Concern to the Ford County Clerk, OIG, the Governor and day this grievance of the Illinois Department of Corrections. According to the Zero Tolerance of the PREA documents there was definitly a violation. In the letter to: Whom it may concern, I provide documents that get my claim merit. I tried to remain anonymous for fear of my health and life, due to the sheriff's threats. Ford County Sheriff's Office has been found guilty of sexual assault not that long ago. However none of the PREA numbers would not go through. (PR2) Proof I tried to report the PREA issue and did to the OIG, Ford Circuit Clerk and the Governor on 5-16-22 is shown on (MT02). I reported the PREA numbers would not work numerous times. (PR3, PI1) I also include the letter to the Ford County Clerk for the appropriate direction of where to report the PREA violation to on 5-18-22. Again I addressed the PREA violation again on documents (VRR1, VRR2) and in the letter to the Sheriff (PRG1) The sheriff's letter shows and proves he threatens me if I did not stop trying to expose the PREA violation. (MRS1) In the sheriff's letter he states a lot of false claims I never got any tickets to any of the major or minor violations that are list on the Ford County Inmate Rule Book (XC1, XX2) There was an investigator that I did talk to and so did the other inmate John. However the so called interview was very informal no paper work completed. The investigator only had a 3"x15" pad of paper and pen and only wrote down our names. I believe the Ford County Sheriff's Office is or was suppose to report the PREA violation to the Illinois Department of Corrections. I don't believe the Ford County Sheriff's office did. I believe the Ford County Sheriff's Office violated me because of my sexualty. I'm single, 48 yrs old and have no kids. Accordingly the Sheriffs Office violated my rights. All documents that support my claim and give merit have been filed and stamped by the Ford County Courthouse. I am truely concerned for my health, life and bodily harm if I am housed in Ford County Sheriff's Office.

Device #/Institution:

## ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

2nd Lvl rec:

| Date: 5-18-23 | Offender (please print): David Scheurich | ID #: M53661 | Race (optional): White |
|---|---|---|---|

| Present Facility: Jacksonville Correctional Center | Facility where grievance issue occurred: Ford County Sheriff's Office |
|---|---|

**Nature of grievance:**

☐ Personal Property          ☐ Mail Handling          ☐ Medical Treatment          ☐ ADA Disability Accommodation

☐ Staff Conduct             ☐ Dietary               ☐ HIPAA                      ☐ Restoration of Sentence Credit

• ☐ Transfer Denial by Facility    ☑ Other (specify): PREA

☐ Disciplinary Report      May 8th 2022              Ford County Sheriff's Office
                          Date of report                              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

 **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
 **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
 **Chief Administrative Officer,** only if **EMERGENCY** grievance
 Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On May 8th 2022 I was subjected to sexual voyeurism, humiliation, harassed and degraded in Ford County Sheriff's Office along with another inmate. I reported the incident to the Ford County Court house, OIG, the Governor and an officer of Ford County (Owens). I would have wrote a grievance but I didn't know who to write or where to start, plus Sheriff Doran wrote me a letter that stated if I didn't stop

☐ Continued on reverse

**Relief Requested:**

Ford County Sheriff Doran be exterminated as Sheriff and I be appointed legal representation by the court. I am incarcerated at the present moment and have doses pending in Ford County. I fear bodily harm will come to me if I am housed in Ford County Jail for the existing cases. I asked to be housed in Champaign County Jail for existing trial.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

David Scheurich                    M53661                    5-18-23
Offender's Signature                       ID#                         Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☑ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

5/24/22, 3:25 PM                    Form Submission | HomeWAV - Web Access Visitation



# Scheurich, David E - Request / Complaint - Ford County Jail

| ID | Form | Status | Inmate Name | Subject | To | Reported on |
|---|---|---|---|---|---|---|
| 643668 | Request / Complaint | closed | Scheurich, David E | Scheurich 5-11-22 | info@homewav.com | 05/11/2022 9:02 am CDT |

## Body

None of the numbers for PREA are working

## Extra attributes

| Attribute Name | Attribute Value |
|---|---|
| Choose_Below | Request |
| submit | Send Request / Complaint |

## Replies

| Time | Reply | Replied By | Ticket Status | Inmate Read? |
|---|---|---|---|---|
| 05/12/2022 8:55 am CDT | what number is not working | Admin ,sbruens | closed | yes |

Original
MT02

As of 5-16-22

- I'm still having excruciating pain in my shoulder that I reported months ago. I also have been waiting for an MRI for months

- Still have not received medical attention for a broken tooth that I reported on 4-21-22 except the acknowledgement that it was broke in half and Ibuprofen for three days. Still hurting awfully

- Still have hives on my arm's, head, and in my mouth that I reported on 4-21-22

- Still have cloudy vision from either infection of my tooth, hives, or combination of both

- Reported PREA incident even thou neither phones nor PREA phone numbers will work, told therapist, filed with OIG, ford, Civil Clerk, Govern

Please help I need medical treatment

5-16-22                    Respectfully
                           David F Scheurich
                           David E Scheurich



# Scheurich, David E - Request / Complaint - Ford County Jail

| ID | Form | Status | Inmate Name | Subject | To | Reported on |
|---|---|---|---|---|---|---|
| 648462 | Request / Complaint | closed | Scheurich, David E | prea scheurich 5-17-22 | info@homewav.com | 05/17/2022 5:12 pm CDT |

## Body

as of today just like the first time as I reported on 5-10-22 none of the prea phone numbers work, nobody answers none of them we do not call the 379-_____ numbers do to the fact that they both go to the ford county correctional facility and know those numbers would go to the people that allow the abuse to happen and continue. Yes i tried all the rest of the numbers and no one answered or they are restricted. Who aswered for you and when did you call. We get nothing any time of the day every day. I have a hard time believing you got someone to answer when we both have tried so many times

## Extra attributes

| Attribute Name | Attribute Value |
|---|---|
| Choose_Below | Complaint |
| submit | Send Request / Complaint |

## Replies

| Time | Reply | Replied By | Ticket Status | Inmate Read? |
|---|---|---|---|---|
| 05/18/2022 2:34 pm CDT | I have spoken to the PREA Investigator he will willing to meet with you if you wish. | Admin ,sbruens | closed | yes |



# Scheurich, David E - Request / Complaint - Ford County Jail

| ID | Form | Status | Inmate Name | Subject | To | Reported on |
|---|---|---|---|---|---|---|
| 649077 | Request / Complaint | closed | Scheurich, David E | prea 5-18-22 | info@homewav.com | 05/18/2022 2:53 pm CDT |

## Body

i wish to talk with the prea investigator asap

## Extra attributes

| Attribute Name | Attribute Value |
|---|---|
| Choose_Below | Request |
| submit | Send Request / Complaint |

## Replies

| Time | Reply | Replied By | Ticket Status | Inmate Read? |
|---|---|---|---|---|
| 05/18/2022 3:06 pm CDT | taken to speak with him at 1506 today | Admin ,sbruens | closed | yes |

LCR1

22- cf -12
22 - cf - 22

Circuit Clerk

My name is David E Scheurich and as you probably
know I am incarcerated here at the Ford County
Correctional Facility. I would like some help with
directions or guidance if you will. I was wondering
who do I talk or write to about the wrong doing's
and or unlawfullness of the Ford County Correctional
Facility. Would it be the Ford County Board, the Paxton
Mayor, or the Governor of Illinios. Would you please
direct me in the appropriate direction of whom I
should contact with the correct addresses and phone
numbers. I would greatly appreciate your efforts
   I am also wanting to know is there any way. I
can send the Paxton Circuit Clerk any documents or
communication without having to spend .55¢'s on a stample
plus envelope and having to wait to days for a response.

   5-18-22

FILED IN THE CIRCUIT COURT
OF FORD COUNTY ILLINOIS

MAY 2 0 2022

Kamala Poleer
CLERK

With all due respect
Thank You
David E Scheurich
David E Scheurich

5/20/22  Answered - I have no idea. Please consult
   w/ the Sheriff.
   Kamala Jalissa Andes

Original
VRR1

# Ford County Sheriff's Office
## Inmate Request/Complaint

Inmate Name _David E Scheurich_    Date _5-18-22_

Request ( )    Complaint (✓)

Nurse/Doctor ( )    Special Visit ( )    Commissary ( )

Jail Admin (✓)    Hair Cut ( )

**Subject of Request/Complaint**

_Because of the illegal act of voyeurism that is allowed at the Ford County Correction Facility. All the inmates in Cell 35 requested that their clothes for the exchange of dirty laundry be brought to cell 35 for them to change._

Brandon Frish Medium Top          David E Scheurich XL Top

_____ Medium Bottom          David E Scheurich XL Bottom

John Gaumer XL Top

_____ XL Bottom

We all would like copies, 1 copy per inmate

**Action Taken** _No This has been answered_

Receiving Deputy _____ Date _____

Closing Deputy _____ Date _5-19-22_

3 of 5

Copy VRRC
of
Original

## Ford County Sheriff's Office
## Inmate Request/Complaint

Inmate Name __David E. Scheurich__    Date __5-21-22__

Request ( ✓ )    Complaint ( )

Nurse/Doctor ( )    Special Visit ( )    Commissary ( )

Jail Admin ( ✓ )    Hair Cut ( )

**Subject of Request/Complaint**

As a result of the uneasy feelings that were experienced
on May the 8th when the exchange of dirty clothes was performed,
David E. Scheurich and John Gaumer request that when it is
time to do change out. The appropriate size clothes be brought
to cell 35 for the exchanging of dirty laundry for clean laundry.

David E. Scheurich XL Top        John Gaumer XL Top
David E. Scheurich XL Bottom        XL Bottom

**Action Taken**

N

Receiving Deputy _____    Date __5/21/22__

Closing Deputy _____    Date __5.23.22__

4 of 5

COPY
PR01

# Ford County Sheriff's Office
## Inmate Request/Complaint

Inmate Name _David E Scheurich_    Date _5-24-22_

Request ( )    Complaint (✓)

Nurse/Doctor ( )    Special Visit ( )    Commissary ( )

(✓) Mark Doran Sheriff    Jail Admin ( )    Hair Cut ( )

**Subject of Request/Complaint**

Sheriff Doran I David E Scheurich would like to talk to you about the way Ford County Correctional Facility does change outs. It is illegal to have an officer watch ad inmate change clothes. I have made mistakes before and have been a resident in different jails. I have talked with other inmates and they also have been incarcerated in other jails. All the inmates agree that in all the other jails in Illinois, when it comes time to change dirty clothes out for clean clothes. In all the other jails the correctional officers of that jail bring clean clothes of the appropriate size for the inmates of that housing unit and exchange clothes with the inmates either through the chuck hole or with the door open. This could be done when the goody cart goes around. This method would be less work and time then the current method the Ford Correctional Facility. In addition the correct exchange of clothes would also reduce the spreading or risk of getting covid plus safer

**Action Taken** _for everyone while providing the required privacy._

David E Scheurich

_David E Scheurich_

Receiving Deputy _____    Date _5-24-22_

Closing Deputy _____    Date _5-24-22_

05/25/2022

MRS 1

Office of
# SHERIFF OF FORD COUNTY

Mark R. Doran, Sheriff
235 N. American Street
Paxton, Illinois, 60957

MEMORANDUM

To: Inmate David E. Scheurich

From: Sheriff Doran

Date: 05/25/2022

Subject: Response to 05/24/2022 Letter

Inmate Scheurich,

You are being confined within the Ford County Jail for an alleged crime being committed within Ford County. The Judge has found enough probable cause to hold you. The only events that can change that fact are coming up with the proper amount of bond, your behavior during your confinement or a court order from a Judge. Your constant harassment and attempts to intimidate my staff with threats of lawsuits will not get you out of this facility any sooner. I am very aware that you will continue to write your letters and try to make our job as difficult as you possibly can. I can assure you that although we will not like it, we have dealt with it before and will again. You will be treated no worse or no better than any other inmate within this facility. The best advice I can give you is not to assault the staff or do any damage to this facility. This type of behavior will have very serious consequences. If your goal is truly to get back to your family, then you will do your remaining confinement in peace and as an adult. Any letters or complaints that you decide to send to me in the future, you can consider this letter the only response and reference you will receive.

Sincerely,

Mark R. Doran
Sheriff of Ford County

*Ford County Inmate Rule Book* · XX1

FORD COUNTY CORRECTIONAL FACILITY INMATE RULES & REGULATIONS

1. CONSITUTIONAL RIGHTS
    a. You have the right to remain silent. No unlawful means will be used to obtain a statement, admission of guilt or confession.
    b. You are entitled to humane treatment, proper food, shelter, and when necessary medical treatment.
    c. You have the right to a reasonable number of collect telephone calls to make arrangements with an attorney or family members for bail.
    d. You are entitled to consult privately with an attorney, clergy, probation officer or pre-trial service officer.
    e. With the exception of Murder, Treason and aggravated Kidnapping, you are entitled to bond hearing before a Judge of the 11th Judicial Circuit Court concerning the charge (s) filed against you.
    f. You are entitled to a due process hearing concerning alleged violations of inmate rules and regulations.
    g. You have the right to forward and receive privileged letters and documents without facility interference.
        ➢ The Following is considered privileged mail:
        Elected or appointed officials, U.S. Representatives or Senators, any elected Federal Judge or the Clerk of any Federal Court, the U.S. Attorney General, the Director of the Federal Bureau of Prisons, the Governor of the State of IL, and IL Circuit, Appellate or Supreme Court Judges, The Director of the IL Department of Corrections (IDOC), the Deputy Director of the Bureau of Inspections and Audits of IDOC, the Chief of Detention Standards and Service Unit of the IDOC, and the Executive Secretary and members of the IL Prisoners Review Board. Also, any attorney currently licensed to practice law, legal aid organizations or any other organization whose sole function is to provide legal services for indigent inmates.

INMATE RULES AND REGULATIONS:

POLICY: Inmates are expected to comply with the following rules and regulations without argument or question. Refusal or failure to comply with established rules and regulations could result in suspension or permanent revocation of any or all privileges or harsher disciplinary action such as loss of "good time". Violation of a major infraction associated with the IL Criminal Code will result in additional criminal charges.

1. MAJOR VIOLATIONS:
    a. Felony and misdemeanor criminal offenses as defined in the IL Criminal Code.
    b. Disobeying verbal and or written orders issued by Facility personnel.
    c. Escape or attempts to escape, to include complicity of the same.
    d. Theft and or criminal damage to Facility property and or property of another inmate.
    e. Consensual/Non-Consensual sexual misconduct with other inmates, to include complicity of the same.
    f. Tampering with security equipment and locking devices.
    g. Maintaining or attempts to maintain "block boss" status (one who illegally seizes internal control of a cell block).
    h. Interference with the duties of Facility personnel.

2

_Ford County Inmate Rule Book_    XX2

i.   Possession of contraband of unauthorized items to include tobacco products, alcohol, fermented liquid, narcotics as recognized in the IL Complied Statues as a controlled substance, weapons, money, unauthorized medication, any item not sold on commissary or any other item(s) other than those materials which are permitted in this handbook. Unless otherwise determined, two or more inmates in the same cell shall share equal responsibility for contraband found in their cell.

j.   Smoking in the Facility.

k.   Throwing and or smearing food, urine, fecal matter or any other object or bodily fluid at another person.

l.   False medical emergencies.

m.   Fighting, wrestling, shoving, kicking, etc. NOTE: Self-defense is a complete defense and can be established to the Disciplinary Officer by demonstrating that their actions did not exceed those necessary to defend themselves.

n.   Hoarding prescription or over the counter medication.

o.   Verbal abuse swearing/cursing of an officer

p.   Unlawful use of cellblock phone

q.   Riot or inciting a riot

r.   Buying commissary for other inmates who have had their commissary privileges suspended or permanently revoked.

s.   Forgery

t.   Fail to cooperate with disciplinary hearing

2.   MINOR VIOLATIONS:

a.   Excessive yelling, banging on walls, rattling cell bars and doors or other unnecessary noise.

b.   Gambling or Wagering

c.   Failure to be fully dressed in jail clothes when exiting cell block area.

d.   Hanging clothing and bedding on walls, cell doors, etc. where it obstructs the view of Facility personnel.

e.   Cell block lights covered with clothing or other items.

f.   Blocking view port window.

g.   Failure to clean cell block.

h.   Passing items to other inmates who are on lockdown.

i.   Not returning spoons or stacking food trays after meals.

j.   Having mattress or blanket on floor.

k.   Failure to keep linen, mattress and bed clean.

l.   Using facility clothing for headgear

m.   Purchasing commissary items for other inmates who have had their commissary privileges suspended or permanently revoked.

n.   Possessing any item/s not sold on commissary.

DISCIPLINARY HEARING AND DETERMINATION:

The disciplinary hearing is ordered by the JA when an incident report is written. The disciplinary hearing will be assigned a date and time. The inmate will be given notice of the disciplinary hearing.

Adherence to the basic rules of evidence is not required however, probable cause will be established to reflect or indicate an inmate committed one or more of the violations outlined in the incident report.

*Attention PREA*

# To: Whom It May Concern

I David E Scheurich here by come to you with upmost importance of a PREA issue.

On Sunday May 8th 2022 at approximately 8:45 a.m. John Gaumer and I were took to change clothes (change out) by a Ford County Correctional Officer. (Gieness)(Spell) The room that change out takes place in, is next to the intake room. John and I both requested XL Tops and bottoms. John and I were seperated by a brick wall, with our backs to the open room. Officer Gieness had closed both access doors upon us all entering the room. As I was starting to change, I looked back at Officer Gieness and he was standing there with his hands on his hips, watching us change with a grin on his face. When I proceeded to change my bottoms, I looked back and again Officer Gieness was still staring at us licking his lips with a bigger grin of his face. He seemed to be getting some kind of pleasure out of watching us change. I hesitated for about 20 seconds waiting for him to turn his head, Officer Gieness did not. I quickly turned my head around and threw my pants on. As I turned around to leave, Officer Gieness was still standing there with his hands on his hips with a bigger smile on his face. I felt an awful sickness in my stomache. When John and I got back to cell 35, John said to me that he will never do change out again cuz he had seen the same thing I did. Officer's Gieness sick twisted face watching us as we changed clothes. I have done change out before many times at the Ford County Correctional Facility and I have always watched the attending Officers actions. I have never seen

the attending officer not turn his head as we change,
let alone watch us. Think about it. Why would an Officer
take 2 inmates into a room, with no cameras that one
would knows of to change clothes. The officer would be
out numbered plus no cameras. The only thing I can
think of is, that the experience for the Officer is some
how arousing or he is purposely trying to humiliate or
degrade the inmates. That kind of action by the
Officer is illegal. (ZZ2)(ZZ2)(5½)(5⅓)
   I did report the incident to Officer Owens Monday
the 9th of May in the hallway outside cell 35 approx. 6:30 p.m.
Brandon Irish told John and I that he experienced the
same action from Officer Gieness and that is why he does not
do change out. I have been in Cell 35 since 3-12-22 and
I never seen Bradon Irish do change out. Today is
5-11-22. John and I have made mistakes before, we
are human. Nonetheless we both have been incarcerated
different jails. Neither one of us have never been
incarcerated in a jail where an officer takes inmates
into a room by himself and watches them change.
In the correctional facilities that we have been
residents in. When it is time to change laundry. The
Correctional Officer's come around with the appreiate size
of clothing for the inmate's and there is an exchange. The
inmate's change clothes and place their dirty clothes in a
large laundry tub that is wheeled away. If the
Ford County Correctional Facility would proform this
task of changing laundry with inmates. Not only would
the Ford County Correctional Facility not be breaking the
law, it would be safer for everyone.

I reported the incident to Officer Owens because he is the only officer I trust, plus none of the phones or phone numbers will work when trying to report a detainee as a victim. (PR1) John and I have tried relentlessly to stay anonymous and call the PREA numbers everyday at all times of the day with no success. Reluctantly John and I because of passed sexual abuse cases, specially here at the Ford County Correctional Facility. Asked the Jail Administrator Lt. Bruens who is also PREA Compliance Manager why the phone numbers ZZ did'nt work. John and I both asked on the Home Wav Kiosk. John on 5-10-22 I believe and I did on 5-11-22. John, Bradon and I all decided that we would never be subject to that kind of abuse again. So we filed a complaint document on 5-10-22. (SY1) Lt. Bruens response is uncanny (SY. Lt. Bruens has or had no concern of why we would file such a documents. We believe she is abusing her power of authority in a unlawfull way. Under 730 ILCS 125/3 (from Ch. 75, par. 103 Sheriff Mark Doran would also be liable for unlawfull acts.

We would greatly appreciate the effort if someone would intervene therefore not allowing this inappropriate miss use of the law. Thank You God Bless

5-12-22                    John Gaumer              David E Scheurich
                           Jd L                     David E Scheurich

Brandon Irish
B.I. I.

# ZERO TOLERANCE

████ County Jail has a zero-tolerance policy for sexual abuse and sexual harassment. What does this really mean? It means that YOU have the right to be free from sexual abuse and sexual harassment by anyone at the facility, including [an inmate/resident/detainee], staff member, volunteer, or contractor. No one has the right to sexually abuse or sexually harass you. No one.

## What Is Sexual Harassment?

- Repeated and unwelcome comments or gestures of a sexual nature, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.

- Repeated and unwelcome sexual advances; requests for sexual favors; or verbal comments, gestures, or actions of a derogatory or offensive sexual nature.

## What Is Sexual Abuse?

- Forced or coerced sexual intercourse or sexual contact when the victim does not consent or is unable to consent or refuse. This may include the use of fear or threat of physical violence, psychological intimidation, bullying, and physical force.

- Sexual abuse also can include incidents of penetration by a foreign object.

## What is staff voyeurism?

An invasion of privacy of [an inmate/resident/detainee] by a staff member, contractor, or volunteer for reasons unrelated to official duties.

## Examples of Staff Voyeurism

- Watching [an inmate/resident/detainee] use the toilet, shower, or change clothes.

- Requiring [an inmate/resident/detainee] to show [his/her] buttocks, genitals, or breasts.

- Taking pictures of [a/an [inmate's/resident's/detainee's]] naked body or toilet use.

## Tips for Avoiding Sexual Abuse and Sexual Harassment

A victim is never to blame for being attacked, but these tips may help you lower your risk of sexual abuse or sexual harassment.

- Pay attention to your surroundings.

- Carry yourself in a confident manner at all times.

- Do not accept gifts or favors from others. They usually come with "strings attached" or future paybacks, including sexual favors.

- Do not accept an offer from another resident to be your protector or "friend."

- Find a staff member with whom you feel comfortable discussing your fears and concerns. Confide in him/her if you feel threatened; or call ████████4302.

- Be alert! Do not use contraband such as drugs or alcohol as they will weaken your ability to be alert and make good choices.

- Be direct and firm when others ask you to do things that you do not want to do.

- Do not give mixed messages to others regarding your wishes for sexual activity.

- Choose your acquaintances wisely.



████ County does not tolerate any form of sexual abuse or sexual harassment. The goal of this facility is the safety of the [inmates/residents/detainees]. The facility will hold accountable any persons found to have committed any form of sexual abuse or sexual harassment against another person.

If any of the information presented here is confusing, or you have questions about something that may be happening to you, ask a staff person you trust; or call ████████4444.

You also can contact the PREA Coordinator or PREA Compliance Manager at:

PREA Coordinator:
Sheriff Doran ████ 379-9470

PREA Compliance Manager:
Jail Administrator Bruens ████ 762-2324

# RIGHT TO REPORT

If you, or someone you know, are experiencing sexual abuse or sexual harassment, Ford County Sheriff's Office wants to know. We want you to report right away! Why?

- We want to keep YOU safe. It is our job! It is your right to be free from sexual abuse and sexual harassment.

- We want to conduct an investigation of the reported incident.

- We want to hold the perpetrator accountable for his/her actions.

- We want to provide YOU with relevant information and support services.

## How to Report

████████ offers multiple ways to report sexual abuse and sexual harassment.

- Telephone: ████████

- Report to any staff, volunteer, contractor, or medical or mental health staff.

- Submit a grievance or sick call slip.

- Report to the PREA Coordinator or PREA Compliance Manager.

- Tell a family member, friend, legal counsel, or anyone else outside the facility. They can report on your behalf by calling ████████

- You also can submit a report on someone's behalf, or someone at the facility can report for you using the ways listed here.

## External Reporting Option

You also can make a report to ████ at ████ ███-4302. This resource is located outside Paxton, and you can remain anonymous upon request.

# IF YOU ARE ABUSED

Support services are available from ████ Advocacy Center and can be reached at ████-███-4444.

## What to Do If You Have Been Sexually Abused

- Tell a staff member as soon as possible.

- Seek medical attention BEFORE you shower, eat, drink, change clothing, brush your teeth, or use the bathroom.

- Share as much information as possible when answering questions to assist with the investigation.

# NOTICE FOR FAILURE TO REPORT

████████ Anyone who engages in, fails to report, or knowingly condones sexual harassment or sexual abuse of ████ ████████████ shall be subject to disciplinary action and may be subject to criminal prosecution.



END THE SILENCE

Zero Tolerance for Sexual Abuse and Sexual Harassment. Prison Rape Elimination Act (PREA)

PREA Nation Hotline
1-847-377-7825
1-866-568-5925
1-847-377-7825

Ford County Sheriff Office

PREA Coordinator:
Sheriff Mark Doran | (217) 379-9470

PREA Compliance Manager:
Jail Administrator Bruens | (217) 379-2324

S½

**U. S. Department of Justice**
**United States Marshals Service**

**Modification of Intergovernmental Agreement**

| Agreement Number: 26-99-0038 | Page 3 of 4 |
|---|---|

### Confidentiality

Information concerning the identity of a detainee victim reporting a sexual assault, and the facts of the report itself, shall be limited to those who have the need to know in order to make decisions concerning the detainee-victim's welfare and for law enforcement investigative purposes.

### Report All Assaults!

If you become a victim of a sexual assault, you should report it immediately to any staff person you trust, to include housing officers, chaplains, medical staff, supervisors or Deputy U.S. Marshals. Staff members keep the reported information confidential and only discuss it with the appropriate officials on a need to know basis. If you are not comfortable reporting the assault to staff, you have other options:

- Write a letter reporting the sexual misconduct to the person in charge or the United States Marshal. To ensure confidentiality, use special (Legal) mail procedures.
- File an Emergency Detainee Grievance – If you decide your complaint is too sensitive to file with the Officer in Charge, you can file your Grievance directly with the Field Office Director. You can get the forms from your housing unit officer, or a Facility supervisor.
- Write to the Office of Inspector General (OIG), which investigates allegations of staff misconduct. The address is: Office of Inspector General, U.S. Department of Justice, 950 Pennsylvania Ave. Room 4706, Washington, DC. 20530
- Call, at no expense to you, the Office of Inspector General (OIG). The phone number is 1-800-869-4499.

Individuals who sexually abuse or assault detainees can only be disciplined or prosecuted if the abuse is reported.

A publication of the Office of the
Federal Detention Trustee.
Washington, DC

Published February 2008

SY3

**U. S. Department of Justice**
**United States Marshals Service**                    **Modification of Intergovernmental Agreement**

| Agreement Number: 26-99-0038 | Page 2 of 4 |
| --- | --- |

## Rape Elimination Act Reporting Information

### SEXUAL ASSAULT AWARENESS

This document is requested to be posted in each Housing Unit Bulletin Board at all Contract Detention Facilities. This document may be used and adapted by Intergovernmental Service Agreement Providers.
While detained by the Department of Justice, United States Marshals Service, you have a right to be safe and free from sexual harassment and sexual assaults.

### Definitions

#### A. Detainee-on-Detainee Sexual Abuse/Assault
One or more detainees engaging in or attempting to engage in a sexual act with another detainee or the use of threats, intimidation, inappropriate touching or other actions and/or communications by one or more detainees aimed at coercing and/or pressuring another detainee to engage in a sexual act.

#### B. Staff-on-Detainee Sexual Abuse/Assault
Staff member engaging in, or attempting to engage in a sexual act with any detainee or the intentional touching of a detainee's genitalia, anus, groin, breast, inner thigh, or buttocks with the intent to abuse, humiliate, harass, degrade, arouse, or gratify the sexual desires of any person. Sexual abuse/assault of detainees by staff or other detainees is an inappropriate use of power and is prohibited by DOJ policy and the law.

#### C. Staff Sexual Misconduct is:
Sexual behavior between a staff member and detainee which can include, but is not limited to indecent, profane or abusive language or gestures and inappropriate visual surveillance of detainees.

### Prohibited Acts
A detainee, who engages in inappropriate sexual behavior with or directs it at others, can be charged with the following Prohibited Acts under the Detainee Disciplinary Policy.

- Using Abusive or Obscene Language
- Sexual Assault
- Making a Sexual Proposal
- Indecent Exposure
- Engaging in Sex Act

### Detention as a Safe Environment
While you are detained, no one has the right to pressure you to engage in sexual acts or engage in unwanted sexual behavior regardless of your age, size, race, or ethnicity. Regardless of your sexual orientation, you have the right to be safe from unwanted sexual advances and acts.

PR1

# Ford County Sheriff's Office
## Inmate Request/Complaint

Inmate Name _David E Scheurich_    Date _5-11-22_

Request ( ) ⁿᵉ    Complaint (X)

Nurse/Doctor ( )    Special Visit (X)    Commissary ( )

Jail Admin ( )ᵛ    Hair Cut ( )

**Subject of Request/Complaint**

Why don't any of the PREA numbers work on either
of the phones. The blue house unit phone doesn't work
nor does the HomeWAV phone on the Kiosk work.
The numbers either reach a answering machine
or are restricted after ringing numerous times.
(1-217-384-44144) (1-217-379-14302) (1-866-588-5425)
(PREA national hot line #1-847-377-7025) (5Y2)
(Office of Inspector General 1-800-869-4499) no answer on any
of these numbers any time of day. We dare not call any of the
379----- numbers because of previous sexual abuse cases that have
happened at the Ford County Correctional Facility. And also because no response
from the HomeWAV Kiosk that were asked about the phone numbers and why
~~Action taken~~ they wouldn't work. Plus the response I got back from
the Jail Administrator Lt. Bruens (5Y2) the PREA Compliance Manager (ZZa)

(ZZ1

David Scheurich

_David E. Scheurich_

Receiving Deputy _____    Date _____

Closing Deputy _____    Date _____

**Ford County Sheriff's Office**
**Inmate Request/Complaint**

5/2 Original
a
Manual Copy Has
been
Made

Inmate Name ___Cell 35___          Date ___5-10-22___

Request (✓)    Complaint (✗)

Nurse/Doctor ( )    Special Visit ( )    Commissary ( )

Jail Admin (✓)    Hair Cut ( )

Subject of Request/Complaint
_Due to the unwell experience's. All inmate's_
_in cell 35 require that on change out day_
_their clothes be brought to cell 35 for the_
_changing of clothes✓_

_David E Scheurich    Top XL_
_David E Scheurich    Bottom XL_

_Brandon Irish    Top    Medium_
_Paul Gill    Bottom    Medium_
_John Gumler_
_John Gaumer    Top XL_

**Action Taken** _____    _Bottom XL_

_Translation: No clothes will be brought to you. If you do not_
_get up to change clothes it is considered a refusal._

**Receiving Deputy** _____    Date _____

**Closing Deputy** ___Knuu___    Date ___5-11-22___

_no clothes will not be brought to you. If you do not_
_get up to change clothes it is considered a refusal_

United States District Court
For The
Central District of Illinois Urbana Division

District Court Clerk

Would you please file my 42 U.S.C. § 1983 Civil Rights
Complaint in the United States District Court for the
Central District of Illinois Urbana Division. I am a
mailing a self-addressed manila envelope and an
authorization for payment slip for the cost of postage
and a copy of the 42 U.S.C. § 1983 Civil Rights
Complaint stamped and filed if complaint is
accepted. I would appreciate it you would put to
motion to proceed in forma pauperis form and the
motion for appointment of counsel form in the provid
manilla envelope. I look forward to your respons.

Date: 1-28-24

Respectfully
/s/ David Schevrich
David Schevrich
IDOC # M53661
Robinson Correctional Cen
13423 E 1150th Ave
Robinson, IL
62454

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Payment

Posting Document # _____     Date _1-28-24_____

Individual in Custody Name _David Schevrich_____     ID# _M53661_ Housing Unit _6A-9-3_

Pay to _____

    Address _____

    City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _postage of mail to Robinson Correctional Center for David Schevrich_

☑ I hereby authorize payment of postage for the attached mail.   ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Individual in Custody Signature _David Schevrich_____     ID# _M53661_

Witness Signature _Z. Harrison  9461_____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Individual in Custody, Mail Room                                          DOC 0296 (Rev. 8/2021)

*Printed on Recycled Paper*

David Scheurich
IDOC# M53661
Robinson Correctional Center
13423 E 1150th Ave.
Robinson, IL
　　62454



THIS CORRESPONDENCE IS FROM
AN INMATE IN THE ILLINOIS DEPT
OF CORRECTIONS

7022 3330 0000 4455 9243



US POSTA
ZIP 62454
02 4W
0000389897

THIS CORRESPONDENCE IS FROM
AN INMATE IN THE ILLINOIS DEPT
OF CORRECTIONS



US POSTAGE
ZIP 62454    $ 0
02 4W
0000389877 JAN

U.S. District Court

Central District of Illinois, Urbana Division
201 S. Vine, 218 U.S. Courthouse
Urbana, IL 61801

Privilege/Legal M